UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RAPHAEL FOKLE,<br>*Plaintiff* | § § § § § | |
| v. | § § § | CASE NUMBER: 1:25-cv-01102 |
| SYNCHRONY BANK,<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC. & EQUIFAX<br>INFORMATION SERVICES, LLC,<br>*Defendants* | § § § § § § | DEMAND FOR JURY TRIAL |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Raphael Fokle ("Plaintiff" or "Fokle" herein), brings this action against Synchrony Bank ("Synchrony Bank" herein), Experian Information Solutions, Inc. ("Experian" herein), and Equifax Information Services, LLC ("Equifax" herein), and will show as follows:

**PRELIMINARY STATEMENT**

1. This is an action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and other applicable claims, to obtain damages, and other relief.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1337(a) and 15 U.S.C. § 1692 *et seq.*. Pursuant to 28 U.S.C. §1367, the Court has subject matter jurisdiction as to Plaintiff's state law claim(s).

3. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, under 28 U.S.C. § 1391(b)(2) and (b)(3) because all or a substantial part of the events/omissions relate to a consumer credit card lawsuit that was filed in Travis County, Texas, and all the Defendants are subject to this Court's jurisdiction.

4. Venue is also proper in the United States District Court for the Western District of Texas, Austin Division under 28 U.S. Code § 1391(d) to the extent that this Court has personal jurisdiction over one or more of the corporate Defendants.

5. This court has personal jurisdiction (general and specific) over Defendant Synchrony Bank as it regularly engages in debt collection throughout the state of Texas and maintains a registered agent in the state of Texas.

6. This court has personal jurisdiction over Defendant Equifax (general and specific) as it regularly engages in credit reporting throughout the state of Texas.

7. This court has personal jurisdiction over Defendant Experian (general and specific) as it regularly engages in credit reporting throughout the state of Texas.

2

## STANDING

8. Plaintiff has suffered an injury in fact that is traceable to Defendants' collective conduct and that is likely to be redressed by a favorable decision in this matter.

9. Plaintiff further suffered a concrete injury because of Defendants' violations contained herein, including, and not limited to inaccurate credit reporting that has caused Plaintiff damages.

10. Plaintiff further suffered a concrete informational injury because of Defendants' failure to provide truthful information in connection with attempts to collect an alleged consumer debt from Plaintiff.

## THE PARTIES

11. Plaintiff, Raphael Fokle, is an individual who resides in Travis County.

12. Defendant, Synchrony Bank, is a foreign corporation that regularly conducts business. Service may be completed on the following registered agent:

> Synchrony Bank
> 170 W. Election Road, Suite 125,
> Draper, UT 8402

13. Defendant, Experian Information Solutions, Inc., is a foreign entity that is authorized to do business in Texas and may be served by and through its registered agent:

> CT Corporation System
> 1999 Bryan Street, Suite 900
> Dallas, Texas 75201

3

14. Defendant, Equifax Information Services, LLC, is a foreign entity that is authorized to do business in Texas and may be served by and through its registered agent:

> Corporation Service Company D/B/A CSC-Lawyers Incorporated
> 211 E. 7th Street, Suite #620
> Austin, Texas 78701

## FACTUAL ALLEGATIONS

15. This complaint seeks to address claims regarding an alleged consumer debt ("alleged debt" herein) for goods and/or services for personal, family or household purposes that arose from a consumer credit card debt.

16. On or about July 24, 2023, Synchrony Bank initiated a lawsuit ("Lawsuit" herein) in Travis County Justice of the Peace against Plaintiff Fokle in connection with a purported credit card debt: J2-CV-23-003868, Synchrony Bank v. Raphael Fokle, Travis County JP2 (Exhibit A- abridged copy of the Lawsuit and a copy of the docket sheet). According to the Lawsuit, Synchrony Bank was the creditor for a consumer credit card debt.

17. Plaintiff Fokle, by and through the undersigned counsel, thereafter, filed an answer and engaged in discovery. On or about July 12, 2024, Fokle filed a Motion to Stay Litigation Pending Arbitration. The trial court thereafter entered an order requiring Synchrony Bank to commence arbitration or risk dismissal.

18. After Synchrony Bank failed to commence arbitration within the requisite time, Fokle filed a Motion to Dismiss with Prejudice. On or about October 8, 2024, the trial court conducted a hearing and entered an Order (Order" herein) thereby dismissing the Lawsuit with prejudice (See Exhibit B). Moreover, the docket sheet for the Lawsuit further confirms that Synchrony Bank neither filed a motion for a new trial nor appealed the ruling (Exhibit A).

4

19. Notwithstanding the Order dismissing the Lawsuit with prejudice, on or about March 30, 2025, Synchrony Bank transmitted to Equifax that Plaintiff was liable for the alleged debt in the amount of $2056.00.

20. Moreover, sometime after March 2025, Synchrony Bank also transmitted to Experian that Fokle was liable for the alleged debt in the amount of $2056.00.

21. Fokle alleges that the Order was an adjudication of the debt that dismissed the debt with prejudice. As Fokle was not responsible for any portion of the alleged debt and the balance should have been zero, the foregoing transmissions by Synchrony Bank to the credit reporting agencies were materially false and misleading.

22. On or about April 23, 2025, Fokle sent a formal dispute under 15 U.S.C. 1681i to Experian which included a copy of the Order and the Lawsuit, whereby he informed Experian that he was not liable for the alleged debt.

23. On or about April 23, 2025, Fokle sent a formal dispute under 15 U.S.C. 1681i to Equifax which included a copy of the Order and Lawsuit, whereby he informed Equifax that he was not liable for the alleged debt.

24. On or about May 15, 2025, Experian responded and acknowledged the dispute letter but continued to report a balance of $2056.00 (apparently finding no error in the reporting) notwithstanding the correct balance was zero.

25. On or about May 15, 2025, Equifax responded and acknowledged the dispute letter but also continued to report a balance of $2056.00 (also finding no error in the reporting), notwithstanding the correct balance was zero.

26. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

27. Experian is a "consumer reporting agency," as defined by the FCRA, 15 U.S.C. § 1681(f).

28. Equifax is a "consumer reporting agency," as defined by the FCRA, 15 U.S.C. § 1681(f).

29. Plaintiff alleges that Synchrony Bank was/is a "furnisher" as per 15 U.S.C. §1681s-2(b) of the FCRA because it transmits consumer credit information to credit reporting agencies.

30. The FCRA requires credit reporting agencies to follow reasonable procedures to ensure the maximum accuracy of consumer reports. 15 U.S.C. § 1681e(b).

## COUNT I--VIOLATION OF 15 U.S.C. § 1681i
## AS TO EXPERIAN

31. Fokle re-alleges the above paragraphs as if set forth fully in this count.

32. On or about April 23, 2025, Fokle sent to Experian a written dispute, whereby he informed Experian about the negative credit entry on his credit and the fact that the Court order confirmed he was not responsible for the alleged debt.

33. After Experian received the dispute, it violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file; by failing to conduct a proper reinvestigation, and by a failure to maintain reasonable procedures to review and verify disputed information in Plaintiff's credit file.

34. Because of Experian's violation, Plaintiff suffered actual damage, including but not limited to damage to his credit, emotional distress, and denial of credit applications, because of the foregoing violations.

35. Experian's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

36. In the alternative, Experian's conduct was negligent, thereby entitling Plaintiff to the recovery of damages under 15 U.S.C. § 1681o.

37. Plaintiff seeks the recovery of costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT II--VIOLATION OF 15 U.S.C. § 1681e(b)
### AS TO EXPERIAN

38. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

39. Plaintiff alleges that Experian violated 15 U.S.C. § 1681e(b) because of the failure to establish and/or to follow reasonable procedures to ensure the maximum possible accuracy for the information concerning Plaintiff's credit files. At the very least, because Experian was aware of a Court order adjudicating the alleged debt, there should have been a zero balance.

40. Because of Experian's violation, Plaintiff suffered actual damages, including but not limited to damage to his credit, emotional distress, and denial of credit applications, because of the foregoing violations.

41. Plaintiff alleges that Experian's conduct was willful, and therefore Experian is liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

42. In the alternative, Plaintiff alleges that Experian's conduct was negligent, thereby entitling Plaintiff to the recovery of damages under 15 U.S.C. § 1681o.

43. Plaintiff further seeks the recovery of costs and attorney's fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o

## COUNT III-VIOLATION OF 15 U.S.C. § 1681i
## AS TO EQUIFAX

44. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

45. On or about March 23, 2025, Plaintiff sent to Equifax a written dispute, whereby he informed Equifax about the negative credit entry on Plaintiff's credit and the fact that Plaintiff was not responsible for the alleged debt. Plaintiff further included his social security number, address and the specific tradeline excerpt on the dispute letter.

46. After Equifax received the dispute, it violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file; by failing to conduct a proper reinvestigation; and by a failure to maintain reasonable procedures to review and verify disputed information in Plaintiff's credit file.

47. Because of Equifax's violation, Plaintiff suffered damages, including but not limited to damage to his credit, emotional distress, and denial of credit applications, because of the foregoing violations.

48. Equifax's conduct was willful, thereby making it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

49. In the alternative, Equifax's conduct was negligent, and Plaintiff is thereby entitled to the recovery of damages under 15 U.S.C. § 1681o.

## COUNT IV-VIOLATION OF 15 U.S.C. § 1681e(b) AS TO EQUIFAX

50. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

51. Plaintiff alleges that Equifax violated 15 U.S.C. § 1681e(b) because of the failure to establish and/or to follow reasonable procedures to ensure the maximum possible accuracy for the information concerning Plaintiff's credit files. At the very least, the public record Order confirmed a zero balance.

52. Because of Equifax's violation, Plaintiff suffered actual damages, including but not limited to damage to his credit, emotional distress, and denial of credit applications, because of the foregoing violations.

53. Plaintiff alleges that Equifax's conduct was willful, and therefore it is liable for statutory, actual, and/or punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

54. In the alternative, Plaintiff alleges that Equifax's conduct was negligent, thereby entitling Plaintiff to actual damages under 15 U.S.C. § 1681o.

55. Plaintiff further seeks the recovery of costs and attorney's fees from Equifax pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT V-VIOLATION OF 15 U.S.C. § 1681s-2(b)**
**AS TO SYNCHRONY BANK**

56. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

57. At all times relevant, Plaintiff is and was a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(c).

58. Plaintiff alleges Synchrony Bank was a "furnisher" under 15 U.S.C. §1681s-2(b) of the FCRA because it transmits consumer credit information to credit reporting agencies.

59. Plaintiff alleges that Synchrony Bank knew or should have known that the alleged debt had a zero balance before transmitting false information to Experian and Equifax.

60. Plaintiff alleges that Synchrony Bank, as the furnisher of the adverse credit information, received actual notice of his dispute because of the reinvestigation by Experian and Equifax (15 U.S.C. 1681i). However, Synchrony Bank failed to take corrective action.

61. Plaintiff alleges Synchrony Bank violated 15 U.S.C. § 1681s-2(b) because of a failure to properly investigate Plaintiff's dispute and a failure to review all pertinent information regarding the subject account and a failing to properly investigate the dispute by Plaintiff of the alleged debt and credit reporting.

62. Plaintiff alleges that the failure of Synchrony Bank to properly investigate the subject account caused Plaintiff to suffer actual damages, including but not limited to damage to his credit, emotional distress, higher interest rates, and denial of credit applications, because of the foregoing violations.

63. Plaintiff alleges that the conduct of Synchrony Bank was willful, and therefore it is liable for statutory, actual, and/or punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

64. In the alternative, Plaintiff alleges that Synchrony Bank's conduct was negligent, thereby entitling Plaintiff to actual damages under 15 U.S.C. § 1681o.

65. Plaintiff further seeks the recovery of costs and attorney's fees from Synchrony Bank pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

66. Plaintiff requests the Court issue a Temporary Injunction and Permanent Injunction to require Equifax and Experian to correct the improper reporting of the alleged debt on all the credit bureaus of Plaintiff.

## REQUEST FOR ATTORNEY'S FEES

67. Plaintiff seeks reasonable attorneys' fees as per the FCRA and any other statutory or common law basis from all Defendants to the extent applicable.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Raphael Fokle, respectfully prays that Defendants, Synchrony Bank, Experian Information Solutions, Inc., and Equifax Information Services, LLC, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, as follows:

a. Temporary injunction be issued, and upon final hearing a Permanent Injunction be issued, requiring Defendants Experian and Equifax to correct the improper reporting of the alleged debt on all the credit bureaus of Plaintiff;

    b.  An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1) or 1681o(a)(1);

    c.  An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1) and § 1681o(a)(1);

    d.  An award of punitive damages, as authorized by the Court pursuant to 15 U.S.C. § 1681n(a)(2), (d) § 1681o(a)(2);

    e.  An award of attorneys' fees pursuant to 15 U.S.C. § 1681;

    f.  The Court award Plaintiff prejudgment and post judgment interest as allowed by law;

    g.  The Court grant Plaintiff such further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/Brent A. Devere
Brent A. Devere
SBN#00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080 Fax: 512-457-8060
Email: BDevere@1411west.com
Attorney for Plaintiff

*Raphael Fokle*